UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**KEDRIO LEKEIS SUMMERVILLE,**

    **Petitioner/Appellant,**

**v.**                                          **USDC Criminal No. 2:15cr100**

**UNITED STATES OF AMERICA,**      **USCA Case No. 18-7182**

    **Respondent/Appellee.**

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. STATEMENT OF THE CASE

Petitioner Kedrio Lekeis Summerville ("Summerville" or "Petitioner") is currently serving a 144-month federal sentence after being convicted in this court of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. His Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255 alleged ineffective assistance of counsel and that his plea was not voluntary due to his attorney's alleged failure to pursue arguments related to the drug weights underlying his sentence. (ECF Nos. 43, 65). In a Memorandum Opinion issued July 11, 2018, the court denied Summerville's Motion to Vacate. (ECF No. 66). Because the United States was a party to the proceedings, Summerville had 60 days within which to note an appeal. Summerville was represented by counsel during the proceedings on his Motion to Vacate, however, on September 21, 2018 the court received a pro se Notice of Appeal. (ECF No. 68). Although not styled as a request for extension, Summerville's Notice stated that he had "received the Government's denial in Sept. 2018" and that his facility had been on lockdown thereafter.

Though the Notice of Appeal came outside the 60-day window to note an appeal, by

1

unpublished Opinion dated May 23, 2019, the Fourth Circuit recognized the language in Summerville's pro se Notice as invoking the court's ability to extend the time for noting an appeal under Fed. R. App. P. 4(a)(5). The Court remanded this case for the limited purpose of allowing this court to make factual findings to determine whether Summerville demonstrated excusable neglect or good cause warranting an extension of the time to file a Notice of Appeal. (ECF No. 75). The Opinion further directed that the record, as supplemented, should then be returned to the Fourth Circuit for further consideration.

Thereafter, this court entered an Order directing Summerville to supplement the record with any evidence he has, including affidavits and exhibits, sufficient to demonstrate good cause for an extension of time within which to file his Notice of Appeal. The court also directed the Respondent to file any response to Summerville's submission within 14 days of Petitioner's submission. (ECF No. 27). In response to the court's Order, Summerville filed a Proffer to Supplement the Record and accompanying exhibits. (ECF No. 79). The United States filed a response arguing Summerville's proffered facts are insufficient to establish either good cause or excusable neglect. (ECF No. 80).

## II. SUMMARY OF SUPPLEMENTAL EVIDENCE

The court's Memorandum Opinion denying Summerville's motion under § 2255 was entered on July 11, 2018. (ECF No. 66). The clerk entered judgment the same day. At the time, Petitioner was temporarily housed in the Western Tidewater Regional Jail ("Tidewater"). His proffer of evidence states that his attorney met with him at the jail and explained the denial to him before he left Tidewater to return to the BOP facility where he was serving his federal sentence. Pet. Resp. ¶ 3. This portion of Petitioner's response does not specify when the meeting took place and Summerville does not state when he received the mailed copy of the court's Judgment Order. He

2

does state that approximately 30 days after the meeting he was transitioned from Tidewater back to BOP through a series of four trips. His response states that he spent four to five days at a local jail in Warsaw, Virginia, and then was placed on a plane and transferred to a federal facility in Oklahoma where he stayed for another 10 to 13 days. Pet. Resp. ¶ 4. He then was flown back to Atlanta where he boarded a bus to FCI Butner in North Carolina. He arrived at Butner on September 11, 2018. Id. ¶ 4. Summerville's response also states the Butner facility was on lockdown and he had limited access to his property on arriving. An exhibit to Petitioner's response confirms only that he was in transition between December 12, 2017 and his return to Butner on September 11, 2018. Pet. Resp. Ex. 1. Petitioner filed his Notice of Appeal on September 19, 2018, eight days after his return to Butner. The time for timely filing his Notice of Appeal expired September 9, 2018, while Summerville was apparently in transit.

### III. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

When the United States is a party, Notice of Appeal "may be filed by any party within 60 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(B)(i). If a petitioner requests an extension within 30 days from the expiration of the appeal period prescribed by the Rule, the court may grant an extension upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(a)(5); Washington v. Bumgarner, 882 F.2d 899, 901 (4th Cir. 1989). Whether to grant an enlargement of time to file an appeal is reserved to the discretion of the district court. Thompson v. E.I. DuPont de Nemours & Co. Inc., 76 F.3d 530, 532 n. 2 (4th Cir. 1996). Excusable neglect arises from circumstances within control of the moving party, but caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship., 507 U.S. 380, 388 (1993). The good cause

standard generally applies "in situations in which there is no fault – excusable or otherwise." Fed. R. App. P. 4(a)(5) Adv. Comm. Notes, 2002. Good cause generally arises when the delayed filing resulted from "something that is not within the control of the movant." Id.

Respondent argues that Summerville has not demonstrated either excusable neglect or good cause, and that the court should decline to permit his untimely appeal. The primary reason for Respondent's position is his claim that Summerville knew of the court's decision for a few weeks prior to his transfer from Tidewater, and has not explained why he did not note his appeal at that time. But accepting Summerville's testimony (and it is not contradicted by the record) he had a disagreement with his attorney regarding the merits of any appeal he might file. In addition, it is not clear when his attorney officially ceased representing him.[1] Summerville left Tidewater with 30 days remaining on his time to file an appeal. Unfortunately, due to an unusual series of transfers, he did not arrive at his next permanent BOP facility until after the appeal window had closed. During the interim, Summerville was apparently housed in Warsaw, Virginia; Oklahoma; and Atlanta, Georgia, before finally reaching FCI Butner, which is located in North Carolina. Such an unusual series of transfers, coupled with Summerville's relatively prompt action once he arrived at FCI Butner, appears to constitute good cause for permitting relief under Rule 4(a)(5). See United States v. Allison, No. 1:04cr93-01, 2009 WL 4034823 at *2 (W.D. Va. Nov. 20, 2009), Report and Recommendation adopted, No. 1:04cr93-01, 2009 WL 5062369 (W.D. Va. Dec. 15, 2009) (finding good cause when pro se petitioner was in transit or residing in medical facilities during the filing period).

---

[1] Summerville was represented by retained counsel during an evidentiary hearing and through entry of judgment. See Reply Br. 3 (ECF No. 65).


## IV. **RECOMMENDATION**

Based on the foregoing summary of the evidence, the undersigned recommends that the court enter an Order adopting these findings of fact and conclusions of law, granting Summerville's requested extension of time to note an appeal, and thereafter return the record as supplemented to the Fourth Circuit Court of Appeals for further consideration.

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the Petitioner/Appellant at the address on file with the court, and to provide an electronic copy to counsel for Respondent.

>                              /s/
>                     Douglas E. Miller
>                     United States Magistrate Judge
> 
> DOUGLAS E. MILLER
> UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

July 30, 2019

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing was mailed this date to:

**Kedrio Lekeis Summerville**
#86081-083
FCI Butner Medium II
Federal Correctional Institution
P. O. Box. 1500
Butner, NC 27509

An electronic copy of the foregoing was provided to:

**Joseph E. DePadilla**
United States Attorney's Office
101 W Main Street, Suite 8000
Norfolk, VA 23510

                                            Fernando Galindo,
                                            Clerk of Court

                                     By: _____
                                               Deputy Clerk

                                      7-30 _____, 2019